UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM D. MEDLEY,

    Plaintiff,                    CASE NO:    6:08-cv-1456-ORL-18-DAB

Vs.

CITY OF ORLANDO, and
Officer JAMES PARKER,
Individually and in his official
Capacity,

    Defendants.
_____/

**RESPONSE TO DEFENDANTS, CITY OF ORLANDO AND OFFICER JAMES PARKER'S MOTION TO DISMISS, OR ALTERNATIVELY MOTION TO STRIKE PORTIONS OF THE PLAINTIFF'S AMENDED COMPLAINT WITH MEMORANDUM OF LAW**

Plaintiff, WILLIAM D. MEDLEY, by and through undersigned counsel, hereby responds to Defendant, CITY OF ORLANDO'S Motion to Dismiss, or Alternatively Motion to Strike Portions of the Plaintiff's Amended Complaint with Memorandum of Law bearing a certificate of service of September 22, 2008, and states as follows:

**I.    INTRODUCTION**

Plaintiff, WILLIAM D. MEDLEY, alleged a five count Amended Complaint. Count I alleges an action for deprivation of rights pursuant to 42 U.S.C. § 1983 pursuant to the Ist, IVth, and XIVth Amendments to the United States Constitution against the City of Orlando. Count II alleges a cause of action for false arrest and imprisonment against the City of Orlando. Count III alleges an action for deprivation of rights pursuant to 42 U.S.C. § 1983 pursuant to the Ist, IVth, and XIVth Amendments to the United States Constitution against Officer James Parker. Count IV alleges a state common law false arrest and imprisonment claim against Officer James Parker,

in his individual and official capacity. Count V alleges a state common law battery claim against Officer James Parker.

On November 27, 2006, William D. Medley was on a front porch assembling lawfully with friends and voicing verbal protests to police authority in the neighborhood when a police officer, Officer James Parker of the Orlando Police Department (OPD) responded to the verbal protests and attempted to stop the Plaintiff, William D. Medley. In his attempt to take the Plaintiff into custody, Officer James Parker used physical force to detain the Plaintiff and deployed his department issued Taser which struck the Plaintiff in his back. The Plaintiff was taken into custody by agents of the OPD. The Plaintiff was taken to the hospital for treatment and then taken by agents of the OPD to the Orange County Jail on a no bond status and was not released until December 18, 2006.

## III.     STANDARD FOR REVIEW

In reviewing a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the proper judicial scrutiny requires that all factual allegations in a complaint be accepted as true and taken in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 2323, 236 (1974); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Jackson v. Okaloosa County, 21 F.3d 1531, 1534 (11th Cir. 1994). In order to satisfy the pleading requirements pursuant to Federal Rule of Civil Procedure 8(a), the complaint need only consist of "a short and plain statement of the claim showing that the pleader is entitled to relief" and "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint should only be dismissed if it "appears beyond doubt" that the plaintiff can not present facts supporting his claim. Id. At 45-46. Thus, the court's determinations must be confined solely to whether the complaint is

sufficient, and not on the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Circuit 1984). Accordingly, this court must review the four corners of the complaint, accepting the allegations thereof as true, to determine whether it states a cause of action.

## IV. ARGUMENT

### A. Plaintiff has stated a Cause of Action Based Upon the Ist Amendment

#### 1. The Plaintiff's Amended Complaint States a Cause of Action Under the First Amendment to the United States Constitution as a Violation of the Right to Freedom of Speech.

The First Amendment serves to protect a "significant amount of verbal criticism and challenge directed at police officers." City of Houston, Tex v. Hill, 482 U.S. 451, 461 (1987); See Id. at 465 (The Court made clear that the First Amendment does not permit states to "provide the police with unfettered discretion to arrest individuals for words or conduct that annoy or offend them.") Free speech under our system of government is often "provocative and challenging…and may "induce [] condition[s] of unrest, create[] dissatisfaction with conditions as they are, or even stir[] people to anger." Terminiello v. City of Chicago, 337 U.S. 1, 4 (1949). Unless it can be shown that there is a clear and present danger of both an extremely serious substantive evil and high degree of imminence, the First Amendment will protect speech against censorship or punishment. Bridges v. State of Cal., 314 U.S. 252, 263 (1941). Therefore, the speech must rise far above "public inconvenience, annoyance, or unrest" in order to be restricted. Terminiello v. City of Chicago, 337 U.S. 1, 4 (1949). To punish otherwise, is to punish merely for spoken words, which is in direct contravention of First Amendment freedoms.

In the present action, the Defendants deprived the Plaintiff of his right to Free Speech as guaranteed by the Ist Amendment to the United States Constitution, in that Defendant terminated his lawful speech. As alleged in the Amended Complaint, the Defendant, Officer James Parker,

responded to verbal protests of the Plaintiff and used physical force to affect the arrest of the Plaintiff in response to the verbal protests. Such verbal protests of the Plaintiff were protected speech . *See* S.D. v. State, 627 So.2d 1261 (Fla. 3rd DCA 1993) (*citing* Hill, 482 U.S. at 461); D.A.W. v. State, 945 So.2d 624 (Fla. 2nd DCA 2006); B.L.M. v. State, 684 So.2d 853 (Fla. 5th DCA 1996). "As we all know, the freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation form a police state." L.A.T. v. State, 650 So.2d 214 (Fla. 3rd DCA 1995) (*citing* Hill, 482 So.2d at 462-463). His verbal protest to police authority did not rise to the level of a clear and present danger of both an extremely serious substantive evil and high degree of imminence. Therefore, his spoken words are protected.

    **2.    The Plaintiff's Amended Complaint States a Cause of Action Under the First Amendment to the United States Constitution as a Violation of the Right to Freedom of Association**

Freedom of association is integral to the speech and assembly protected by the First Amendment, since "[e]ffective advocacy of [] private points of view, particularly controversial ones, is undeniably enhanced by group association." NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 460 (1958). Thus, an "individual's freedom to speak…[can]not [] vigorously be protected from interference by the state unless a correlative freedom to engage in group effort towards those ends [are] not also guaranteed." Roberts v. United States Jaycees, 468 U.S. 609, 622 (1984).

In the present case, the Defendants deprived the Plaintiff of his right to Free Assembly as guaranteed by the Ist Amendment to the United States Constitution, in that Defendant terminated his lawful assembly. As alleged in the Amended Complaint, the Plaintiff was assembling lawfully with friends and voicing verbal protests to police authority in the neighborhood, when

the Defendant stopped him.  Just as Plaintiff's freedom of speech is protected, so is Plaintiff's right to freely assemble, and this notion bars interference by the state.

**B.     Plaintiff has stated a Cause of Action Based Upon his Fourteenth Amendment Due Process Rights**

The Fifth and Fourteenth Amendments, respectively, provide that neither the United States nor state governments shall deprive any person "of life, liberty, or property without due process of law." U.S. CONST. amend. V, XIV.   "The touchstone of due process is protection of the individual against arbitrary action of government," Wolff v. McDonnell, 418 U.S. 539, 558 (1974) whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective. See Fuentes v. Shevin, 407 U.S. 67, 82 (1972) (the procedural due process guarantee protects against "arbitrary takings"); Daniels v. Williams, 474 U.S. 327, 331 (1986)  (the substantive due process guarantee protects against government power arbitrarily and oppressively exercised).

 "Substantive due process rights are created only by the Constitution" Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring) and protect those rights that are "fundamental"; that is, rights that are "implicit in the concept of ordered liberty." McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir.1994) (en banc) (quoting Palko v. Connecticut, 302 U.S. 319, 325 (1937).  Liberty interests guaranteed by the Fifth and Fourteenth Amendments encompass a wide area and must be broad to ensure the "orderly pursuit of happiness by free men." Roth v. Board Regents, 408 U.S. 564, 572 (1972) ("In a Constitution for a free people, there can be no doubt that the meaning of 'liberty' must be broad indeed").  When a constitutional right has been infringed, there is a deprivation of a liberty interest, which in turn, usurps an individual's due process rights.

In the present case, the Defendant deprived the Plaintiff of his right to Due Process as guaranteed by the XIVth Amendments to the United States Constitution because as alleged in the Amended Complaint, the Defendant arrested the Plaintiff without notice and an opportunity to be hears and without probable cause in violation of clearly established law.

    C.    **Plaintiff has stated a Cause of Action Based Upon the Fourth Amendment Right to be Free from Unreasonable Search and Seizure**

The Fourth Amendment provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. An arrest is not constitutionally valid when at the moment the arrest was made, the officers had no probable cause to arrest. Beck v. Ohio, 379 U.S. 89, 91 (1964). Probable cause exists when the officers at that moment had facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the individual had committed or was committing an offense. Id. If there is no probable cause, there can be no valid arrest.

In the present case, the Amended Complaint alleges that the Defendants arrested the Plaintiff without probable cause and therefore, the Plaintiff has stated a cause of action. It was readily apparent that no valid warrant existed for the Plaintiff and the Defendant had in its possession or had access to information that established that the arrest of Plaintiff lacked probable cause and violated clearly established law. See S.D. v. State, 627 So.2d 1261 (Fla. 3rd DCA 1993) (*citing* Hill, 482 U.S. at 461); D.A.W. v. State, 945 So.2d 624 (Fla. 2nd DCA 2006); B.L.M. v. State, 684 So.2d 853 (Fla. 5th DCA 1996); L.A.T. v. State, 650 So.2d 214 (Fla. 3rd DCA 1995).

> **D.     Plaintiff has stated a Cause of Action Based Upon the Fourteenth Amendment Right to Equal Protection**

The Fourteenth Amendment provides in part: "No state shall…deny to any persons within its jurisdiction the equal protection of the laws." U.S. C<small>ONST.</small> amend. XIV. The Equal Protection clause is applicable to the federal government through the due process clause of the Fifth Amendment. Bolling v. Sharps, 347 U.S. 497 (1954). The requirements of equal protection are identical, whether the challenge is to the federal government under the Fifth Amendment or to the state and local actions under the Fourteenth Amendment. Buckley v. Valeo, 424 U.S. 1, 93 (1976) ("[e]qual protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment"). Thus, the Due Process Clauses of the Fifth and Fourteenth amendments and the Equal Protection Clause of the Fourteenth Amendment guarantee fairness of laws—substantive due process guarantees that laws will be reasonable and not arbitrary, and equal protection guarantees that a person or a class of persons are not treated differently than others. Daniels, *supra*; Village of Willowbrook v. Grace, 528 U.S. 562 (2000).

In the present case, the Defendant deprived the Plaintiff of his Equal Protection rights as guaranteed by the XIVth Amendment to the United States Constitution in that, the Defendants actions were arbitrary.  Plaintiff is a member of a suspect class.  The Defendants are state actors.  Whereas the Plaintiff, an African-American male, was treated differently than the females whose conduct was substantially similar to that of the Plaintiff, no rational basis existed for the arrest of the Plaintiff, while there was no detention of the others in the Plaintiff's small group.  Therefore, the Plaintiff has stated a cause of action for violation of his rights under the Equal Protection clause of the XIVth Amendment.

> **E.     Plaintiff has Stated a State Law Cause of Action for False Arrest and/or Imprisonment and Therefore Portions of Plaintiff's Amended Complaint are Not Subject to Being Stricken as Irrelevant and Immaterial Under Rule 12**

7

The Defense alleges that the Plaintiff has brought a cause of action for "Negligent Criminal Investigation" in Count II of the Complaint. Such is not the case. In fact, the Plaintiff has alleged the elements of a false arrest and/or imprisonment claim. In a review of the four corners of the Complaint, Plaintiff has alleged restraint contrary to the Plaintiff's will and unlawful detention. These are the elements of a false arrest claim. Rotte v. City of Jacksonville, 509 So.2d 1252 (Fla. 1st DCA 1987), *citing* City of Hialeah v. Rehm, 455 So.2d 458 (Fla. 3rd DCA 1984). Therefore, Defendants have the burden of establishing probable cause for the arrest and continued detention of the Plaintiff as an affirmative defense. Rivers v. Dillards Department Store, Inc., 698 So.2d 1328, 1331 (Fla. 1st DCA 1997). Under Florida law, the defense of probable cause must be submitted to the jury in an action for false arrest or imprisonment where there is material controversy as to the facts upon which the police officer relied in making the arrest. Hernandez v. Metro-Dade County, 992 F.Supp. 1365, 1368 (S.D. Fla. 1997). The allegations of the Complaint demonstrate that a State actor, Officer James Parker of the Orlando Police Department took the Plaintiff into custody against his will and without probable cause, thereby creating an unlawful detention. Therefore, the Plaintiff has stated a cause of action for false arrest and/or imprisonment

Probable cause for each element is required to arrest the particular person arrested, not just a general probable cause to arrest. Therefore, when determining whether a reasonable police officer has probable cause to arrest a particular person, courts must look to the "totality of the circumstances surrounding the arrest to determine its reasonableness". Patton v. Przybylski, 822 F.2d 697, 699-700 (7th Cir. 1987).

Florida District Courts have adopted a reasonable mistake standard in determining the propriety of an arrest. The Second District Court of Appeal determined that an officer's mistaken

belief that the person was the correct person to be arrested was "reasonable under the circumstances". Mayberry v. State, 561 So.2d 1201 (Fla. 2nd DCA 1990), *citing* Neal v. State, 456 So.2d 897 (Fla. 2nd DCA 1984). The Fifth District Court of Appeal in determining whether an arrest was valid pursuant to a warrant held that law enforcement was required to show that it "reasonably believed" the person named was the correct person named in the warrant. Melton v. State, 698 So.2d 1287, 1288 (Fla. 5th DCA 1997). *See also* McCrea v. State, 475 So.2d 1357 (Fla. 5th DCA 1985) (probable cause existed where the officers acted reasonably and in good faith). The Eleventh Circuit has adopted a "reasonable mistake" standard in determining whether probable cause exists where law enforcement had a valid warrant for someone, but mistakenly arrested someone else. Rodriguez v. Farrell, 280 F.3d 1341 (11th Cir. 2002). The Eleventh Circuit found that an officer "mistakenly arresting a second party when the arrest of the first party would be valid may be protected by qualified immunity only if the mistake is 'reasonable'". Tillman v. Coley, 886 F.2d 317 (11th Cir. 1989), *citing* Hill v. California, 401 U.S. 797 (1971). It is left to the jury to determine whether in this action, the law enforcement officer, Officer James Parker, was reasonable in arresting the Plaintiff.

As the Eleventh Circuit has adopted standards of reasonableness for officer's conduct, allegations as set forth in paragraphs 38, 42, 43, 58, 59, 69, 72 and 73 are relevant and thus material to the causes of action. Therefore, Defendant's Motion to Strike should be denied.

**F.    Defendant, James Parker is Not entitled to Qualified Immunity or Immunity from Suit Pursuant to section 768.28, Florida Statute**

Defendant's argue that the Defendant, Officer James Parker, is entitled to qualified immunity pursuant to Florida Statute § 768.28. Officer Parker suggests that he is entitled to immunity from suit and from damages against him personally by virtue of section 768.28(9)(a), Florida Statutes, (2003), which reads as follows:

9

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event or omission of action in the scope of her or his employment or function, *unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property*. (Emphasis Added)

It is alleged in the Complaint that Deputy Parker acted in violation of clearly established law and therefore, qualified immunity does not apply. It is the burden of the Defense to establish entitlement to qualified immunity. The purpose of qualified immunity is to protect law enforcement officers from being sued and being held monetarily liable for acts committed while on the job. Montague v. Cooley, 735 So.2d 511, 512 (Fla. 2nd DCA 1999). There is a shifting burden test for determining whether qualified immunity applies: first, the officer must establish he was acting within the course and scope of his discretionary authority, and then the burden shifts to the plaintiff to establish the officer violated clearly established constitutional rights which the officer should have been aware. Gentile v. Bauder, 718 So.2d 781, 784 (Fla. 1998). Stated another way; qualified immunity does not protect those officers who act incompetently or knowingly violate the law. GJR Investments, Inc., 132 F.3d 1359, 1366 (11th Cir. 1998). As such, at the Motion to Dismiss stage, the allegations of the Complaint are sufficient.

## V. CONCLUSION

Based upon the foregoing, Defendant's Motion to Dismiss should be denied.

WHEREFORE, Plaintiff, WILLIAM D. MEDLEY, respectfully requests this Honorable Court deny Defendant's Motion to Dismiss and for such further relief as this Court deems just and appropriate.

## **CERTIFICATE OF SERVICE**

10

I HEREBY CERTIFY that on the 30th day of October, 2008, the foregoing was electronically filed with the Clerk of Court by use of the CME/ECF system, which will provide notice of electronic filing to the following: Bobby G. Palmer, Jr., Esquire, [bpalmer@hilyardlawfirm.com], Hilyard, Bogan & Palmer, P.A., P.O. Box 4973, Orlando, Florida 32802-4973.

          __s/ Jeremy K. Markman_____
JEREMY K. MARKMAN, ESQUIRE
Florida Bar No. 0080594
King & Markman, P.A.
4767 New Broad Street
Orlando, Florida 32814
Tel:  (407) 447-0848
Fax: (407) 514-2645
markman@kingmarkman.com
Attorney for the Plaintiff

MM:\JKM\Medley\Pleadings\ResponsetoMTD.wpd